NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHAN COOPER, | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 07-3853 (JLL) |
| v. | ) |
| | ) **OPINION** |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) |
| Defendant. | ) |

**LINARES, District Judge.**

This matter comes before the Court upon Defendant Samsung Electronics America, Inc.'s ("Defendant" or "Samsung") Motion to Dismiss Plaintiff Nathan Cooper's ("Plaintiff" or "Cooper") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Samsung is a New York Corporation doing business in the State of New Jersey. (Am. Comp. ¶ 4.) Plaintiff is a resident of Maricopa County, Arizona. (Id. ¶ 5.) The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 with respect to Cooper's federal law claim and § 1332 with respect to his state law claims. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, Defendant's motion to dismiss is granted in part and denied in part.

## INTRODUCTION

Cooper brought this action after he became dissatisfied with the performance of a Samsung HL-R6178W television he purchased in Arizona in October 2005. (Am. Compl. ¶ 29.)

Cooper alleges that the HL-R6178W television set he owns was advertised as a "1080p" unit, but that it will not accept any 1080p television input from an external source.  In television jargon, 1080p refers to the height of the screen image—1080 pixels—and the type of projection utilized to form the image on the screen—progressive as opposed to interlaced scanning.[1]  When the HL-6178W was released, Cooper alleges that no 1080p sources existed, and that he bought the television in anticipation of using the HL-6178W for viewing 1080p sources that would soon be available.  Cooper paid a $1,000 to $1,500 premium at the time of his purchase in order to enjoy 1080p television from these 1080p sources, but discovered within a few months of purchase that the HL-R6178W would not display 1080p input from 1080p sources that became available at that time.  (Id. ¶¶ 30-37.)  In May, 2006, Samsung introduced a television comparable to the HL-R6178W that accepted input from 1080p sources and displayed them in 1080p.  (Id. ¶ 38.)  Plaintiff claims that the price differential in the market between the two models indicates that his loss was $349 by virtue of his television's 1080p limitations.  (Id. ¶ 40.)  Cooper's Amended Complaint brings claims against Samsung for unjust enrichment, fraudulent concealment, breaches of express and implied warranties, and violations of N.J.S.A. §56:8-2 and U.S.C. § 2310(d)(1).  (Id. at 12-17.)

Cooper filed his Complaint on behalf of himself and all persons similarly situated on August 8, 2007.  Samsung responded by filing a motion to dismiss on November 9, 2007.  Cooper filed an Amended Complaint on January 7, 2008.  Magistrate Judge Claire C. Cecchi

---

[1]Both parties attached voluminous exhibits to their briefs on the instant motion.  Because the record on a motion to dismiss is limited to the complaint and documents attached thereto or upon which the complaint relies, it would not be proper for the Court to address the majority of these materials at this time.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

then ordered the pending motion to dismiss withdrawn on February 13, 2008, and Samsung filed the presently pending motion to dismiss on February 29, 2008.

## DISCUSSION

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Id. Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236. With this framework in mind, the Court turns now to Defendant's motion.

**A.      Express Warranty**

3

Samsung moves this Court to dismiss Cooper's express breach of warranty claim because Cooper never notified Samsung of the problem prior to the expiration of the warranty, and because Samsung did not breach the terms of the warranty. (Def. Br. at 13-15.) Cooper maintains that the one-year limitation period of the warranty was unconscionable, that notice is immaterial because Samsung admits that it would not have repaired or replaced Cooper's television, and that the limitations in the express warranty could not disclaim other promises made to Cooper. (Pl. Opp. Br. at 8-15.) Additionally, Samsung maintains that the choice of law for all of Cooper's state law claims should be Arizona, rather than New Jersey, whereas Cooper argues that as there is no conflict between Arizona and New Jersey law on the express warranty issue, New Jersey law applies. (Def. Br. at 11; Pl. Opp. Br. at 8-9.)

      **1.**      **Choice of Law**

This Court applies the choice of law analysis of New Jersey, the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941); Warriner v. Stanton, 475 F.3d 497, 499-500 (3d Cir. 2007). New Jersey law provides that a choice of law provision in a contract governs the contract. Forman Indus., Inc. v. Blake-Ward, —A.2d—, 2008 WL 4191155 (N.J. Super. Ct. App. Div. 2008). "Ordinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy." North Bergen Rex Transport, Inc. v. Trailer Leasing Co., 730 A.2d 843, 847 (N.J. 1999) (quoting Instructional Sys., Inc. v. Computer Curriculum Corp., 614 A.2d 124, 133 (N.J. 1992)). Neither of the parties to this action argue that the choice of law clause at issue in this matter violates the public policy of New Jersey, and, therefore, as the agreement chooses New Jersey law, New Jersey law will apply to the breach of

express warranty claims. (Def. Br. Ex. D.)

## 2. The Express Warranty Claims

Samsung claims that the warranty provided with Cooper's television expired, at the latest, on October 31, 2006, and that it did not receive notice of any problem with the television until August of 2007, when this suit commenced. (Def. Br. at 13.) Cooper asserts that the one-year limitation of the warranty by its terms is unconscionable, that any duty to notify Samsung was excused by Samsung's position that there was no defect, and that separate express warranties existed despite the limiting terms of the written warranty. (Pl. Opp. Br. at 9, 12, 15.)

To establish a breach of express warranty claim under New Jersey law, a plaintiff "must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007). Here, the contract consists of the two-page "Limited Warranty to Original Purchaser" (the "Limited Warranty") for the television in question. (Def. Opp. Br. at Ex. D.) Although the Limited Warranty was not attached to the Amended Complaint, it constitutes the kind of document upon which the pleading relies with respect to Cooper's breach of express warranty claim. Jordan, 20 F.3d at 1261. The Limited Warranty states that the period of coverage for the television in question would be one year, beginning on the date of purchase. (Am. Compl. ¶ 26; Def. Opp. Br. Ex. D.) The Limited Warranty also contains the following terms:

> To receive warranty service, the purchaser must contact
> SAMSUNG for problem determination and service procedures. . . .
>
> THERE ARE NO EXPRESS WARRANTIES OTHER THAN
> THOSE LISTED AND DESCRIBED ABOVE, AND NO

> WARRANTIES WHETHER EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, SHALL APPLY AFTER THE EXPRESS WARRANTY PERIODS STATED ABOVE, AND NO OTHER EXPRESS WARRANTY OR GUARANTY GIVEN BY ANY PERSON, FIRM OR CORPORATION WITH RESPECT TO THIS PRODUCT SHALL BE BINDING ON SAMSUNG. . . . THIS LIMITED WARRANTY SHALL NOT EXTEND TO ANYONE OTHER THAN THE ORIGINAL PURCHASER OF THIS PRODUCT, IS NONTRANSFERABLE AND STATES YOUR EXCLUSIVE REMEDY.
>
> To obtain warranty service, please contact SAMSUNG at:
> Samsung Electronics America, Inc.

(Def. Br. Ex. D.)  Neither party contends that the Limited Warranty did not constitute a contract. (Def. Br. at 13; Pl. Opp. Br. at 9.)

Cooper, however, maintains that knowledge of and failure to disclose major and inherent product defects would result in the limitations clause in the Limited Warranty being unenforceable as unconscionable, relying on Carlson v. General Motors Corp. 883 F.2d 287, 296 (4th Cir. 1989); Def. Br. at 9-10.  In Carlson, the plaintiffs sought recovery for inherently defective diesel automobiles, some of which failed beyond the warranty period.  The court in Carlson found that where the plaintiffs had plead that the defendant knew in advance of the defect and prevented the less-informed consumers from learning of the defect, the inequality of bargaining power could have rendered the consumer's agreement to the limited period "neither knowing nor voluntary." 883 F.2d at 296 (internal quotations omitted).  Samsung properly notes that Carlson and its progeny in this District all require that a plaintiff plead unconscionability: in Carlson itself, that requirement was met by a list of reasons for unconscionability in the complaint.  Id. at 294; Duffy v. Samsung Electronics America, Inc., No. 06-5259, 2007 WL

6

703197, at *5 (D.N.J. Mar. 2, 2007).  In contrast to the plaintiffs in Duffy v. Samsung Electronics America, Inc., however, Cooper alleges that Samsung knew that its televisions were incapable of supplying a 1080p picture from 1080p sources it was then involved in developing.  No. 06-5259, 2007 WL 703197, at *5; Am. Compl. ¶¶ 19-23.  Furthermore, this Court agrees with the logic of Carlson in holding that at the stage of a motion to dismiss, much of the information required to decide the issue of unconscionability is either not properly before the court (such as the majority of the exhibits attached by both parties) or not sufficiently developed by discovery.  883 F.2d at 293.  Because Cooper has plead unconscionability at this stage, and as unconscionability is more suitable for decision at summary judgment, this Court denies Defendant's motion to dismiss the express warranty claim based upon the one-year limitation to its term.

Samsung also requests dismissal of the express warranty claims because Cooper never brought the 1080p source problem to its attention as required by the terms of the warranty.  (Def. Br. at 13-14.)  Cooper maintains that he was not required to follow the notice terms of the contract due to Samsung's admission that it would not have provided warranty service or because N.J.S.A. § 12A:2-607(3)(a) would apply.  (Def. Br. at 12-15.)  Cooper failed to seek redress under the warranty according to its terms.  (Pl. Opp. Br. at 12.)  The warranty requires that the purchaser contact Samsung to receive warranty service.  (Def. Br. at 14, Ex. D.)  Although Samsung does not use the term of art in its brief, it clearly argues that compliance with that requirement was a condition precedent to Samsung's performance.  (Def. Br. at 14.)  "A condition precedent is a fact or event occurring subsequently to the making of a valid contract and which must exist or occur before there is a right to immediate performance, before there is a breach of contract duty or before the usual judicial remedies are available."  Rey v. County of

Hunterdon, No. HNT-L-599-03, 2005 WL 2439697, at *8 (N.J. Super. Ct. Law. Div. Sept. 23, 2005). Since the Limited Warranty expressly required notice to Samsung in the form specified prior to provision of warranty service, this Court finds that Samsung could not have breached the warranty by failing to repair a problem Cooper failed bring to its attention.

This Court, furthermore, finds Cooper's contention that any defect arising within the limited term, whenever brought to Samsung's attention, is contrary to the plain meaning of the language of the contract. (Pl. Opp. Br. at 11-12 n.8.) The most reasonable reading of the terms of the Limited Warranty is that it restricted the time period of correction of defects to one year, and at most extended that period to defects of which notice was given within the one-year period. (Def. Br. Ex. D.) The warranty is not ambiguous, does not require the application of the doctrine of contra proferentum in the manner sought by Cooper, and Samsung is therefore entitled to dismissal of Cooper's express warranty claim for failure to plead a breach under the Limited Warranty. Pacifico v. Pacifico, 920 A.2d 73, 78 (N.J. 2007).

**B.      Breach of Implied Warranty**

Samsung argues that Cooper's breach of implied warranty fails because it is barred by the time limit of the express warranty and that Cooper is not in privity with Samsung under Arizona law. (Def. Br. at 15-16.) Defendant further maintains that the choice of law, Arizona or New Jersey, is dispositive on the issue of privity. (Id. at 15.) Cooper urges that it would be inappropriate in a class action case to rule on a choice of law issue prior to class certification. (Pl. Opp. Br. at 16-17.)

          **1.      Choice of Law**

While the terms of the Limited Warranty, under New Jersey's choice of law rules, would

result in the same choice of law for all potential plaintiffs on the express warranty claim, such a class-wide determination is not as certain for the remainder of Cooper's claims. Compare Delaney v. American Express Co., No. 06-5134, 2007 WL 1420766, at *3 (D.N.J. May 11, 2007) (finding that a valid choice of law clause in a contract is determinative of choice of law in an uncertified class action) with Heindel v. Pfizer, Inc., 381 F. Supp 2d 364, 370-71 (D.N.J. 2004) (applying governmental interest analysis test to implied warranty claim). With respect to the choice of law determination, Cooper is correct that in certain cases, this Court has declined to consider choice of law issues until the class certification stage. In re K-Dur Antitrust Litig., 338 F. Supp 2d 517, 541 (D.N.J. 2004); In re Hypodermic Products Antitrust Litig., No. 05-1602, 2007 WL 1959225, at *16 (D.N.J. June 29, 2007) (Linares, J.). Cooper urges this Court to follow the ruling of Judge Greenaway in In re K-Dur Antitrust Litigation, and hold that it would be premature in the instant case to make a determination of the choice of law, punting dismissal of any issue on which choice of law is determinative until after class certification succeeds or fails. (Pl. Opp. Br. at 17.) Both In re K-Dur and In re Hypodermic Products, however, involved cases consolidated by the Judicial Panel on Multidistrict Litigation: in other words, multiple plaintiffs had filed complaints in multiple jurisdictions and this Court was selected to manage them. 338 F. Supp 2d at 521-22; No. 05-1602, 2007 WL 1959225, at *1, n.2 (noting that plaintiffs were pharmacies in two separate states). At the time of this motion to dismiss, Cooper stands as the sole plaintiff; and if this Court were to adopt his position, no multijurisdictional class action complaint could be subject to a Rule 12(b)(6) motion until after class certification. In the present single-plaintiff, putative class action context, this Court will instead follow the example of cases such as Delaney v. American Express Co., make a choice of law determination

for the instant plaintiff, and rule on the arguments presented by the parties. No. 06-5134, 2007 WL 1420766, at *7 n.5.

New Jersey applies a flexible governmental-interest analysis as its choice of law rule. Erny v. Estate of Merola, 792 A.2d 1208, 1212-13 (N.J. 2002). The choice of law determination in New Jersey is not global, and operates on an issue-by-issue basis. Erny, 792 A.2d at 1213. New Jersey's governmental interest analysis requires this Court to determine whether a conflict exists, and if a conflict exists, "identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties." Heindel v. Pfizer, Inc., 381 F. Supp 2d 364, 370-71, 374 (D.N.J. 2004) (quoting D'Agostino v. Johnson & Johnson, Inc., 628 A.2d 305, 309 (N. J. 1993). See also Veazey v. Doremus, 510 A.2d 1187, 1189 (N.J. 1986). New Jersey applies its own law in the absence of a conflict. Rowe v. Hoffman-La Roche, 917 A.2d 767, 771 (N.J. 2007).

Here, the parties both agree that a true conflict exists between the law of New Jersey and that of Arizona. New Jersey has dispensed with the requirement of vertical privity in implied warranty claims, while Arizona continues to require it. Compare Chaurasia v. General Motors Corp., 126 P.3d 165, 171 (Ct. App. Ariz. 2006) (requiring vertical privity in implied warranty claim) with Duall Bldg. Restoration, Inc. v. 1143 E. Jersey Ave., Assocs., 652 A.2d 1225, 1229-30 (N.J. Super. Ct. App. Div. 1995) (abolishing privity requirement for implied warranty of fitness for a particular purpose). The policy behind the Arizona privity requirement provides a defining line between theories of tort and contract liability, and Arizona limits the scope of warranties implied under the Uniform Commercial Code in order to prevent economic loss recovery in strict liability and to fairly apportion the risk borne by parties to sales contracts.

10

Flory v. Silvercrest Indus., Inc., 633 P.2d 383, 387-89 (Ariz. 1981).  New Jersey, on the other hand, protects downstream purchasers of goods under its enactment of the Uniform Commercial Code by ensuring that remote purchasers are not "substantially without a remedy against the manufacturer for economic injury resulting from its producing and selling a defective product." Duall Bldg. Restoration, Inc., 652 A.2d at 1229-30.

The contacts present here are starkly different with respect to the two separate states and their policies.  New Jersey's contacts consist of the location of Samsung's headquarters, and substantial decision-making, marketing, and distribution efforts centered in New Jersey. (Def. Br. at 12; Pl. Opp. Br. at 19.)  Arizona's contacts include the place of purchase, the place of use of the television, and Cooper's residence.  (Am. Compl. at 1, ¶ 29.)  The significance of these contacts is that New Jersey's lack of a privity requirement is intended to provide persons remote in the chain of commerce with a remedy for economic loss, and the sufferer of economic loss here is an Arizona resident.  New Jersey's contacts with this claim are therefore attenuated from the purpose behind the New Jersey law.  Duall Bldg. Restoration, Inc., 652 A.2d at 1229-30. Arizona, on the other hand, requires privity in part to keep both sides to a sales contract or warranty conscious of their rights and responsibilities, a policy that would be undermined by the application of New Jersey law to a sale to an Arizona consumer by an Arizona retailer.  Flory, 633 P.2d at 388-89; Am. Compl. at 1, ¶ 29.  With respect to the issue of any implied warranty, therefore, this Court finds that Arizona law should be applied because Arizona has the greater governmental interest.

       **3.**    **The Implied Warranty Claims**

As discussed supra, Arizona law does not permit recovery to remote parties in the chain

of commerce via an implied warranty.  Chaurasia, 126 P.3d at 171.  Because Cooper bought the HL-R6178W television from Ultimate Electronics rather than from Samsung, his implied warranty claims must fail.  Id. (denying recovery for car bought from dealer rather than General Motors.)

**C.   Magnuson-Moss Act Warranty Claims**

Samsung argues that Cooper's claims under the Magnuson-Moss Act should be dismissed along with the underlying state law claims under Arizona law.  15 U.S.C. §§ 2301(7), 2310(d)(1); Def. Br. 16-17.  Plaintiff asserts only that the Magnuson-Moss claims should survive the motion to dismiss based only upon its argument that the breach of express and implied warranty claims will survive Defendant's motion.  (Pl. Opp. Br. at 17.)

The parties are correct that Magnuson-Moss claims based on breaches of express and implied warranties under state law depend upon those state law claims.  In re Ford Motor Co. Ignition Switch Prods. Liability Litig., 19 F. Supp 2d 263, 267 (referring to earlier opinion) (D.N.J. 1998); McCalley v. Samsung Elec. Am., Inc., No. 07-2141, 2008 WL 878402, at *7 n.5 (D.N.J. Mar. 31, 2008); Demorato v. Carver Boat Corps., No. 06-240, 2007 WL 1456207, at *8 (D.N.J. May 16, 2007).  As the rule is the same under either New Jersey or Arizona law, no choice of law analysis is required.  Sennett v. Fleetwood Motor Homes of Cal., Inc., No. 04-161, 2006 WL 1544373, at *3 (D. Ariz. June 2, 2006) ("When a limited warranty is at issue, the [Magnuson-Moss Act] allows for a consumer to bring suit in federal court but does not provide any substantive remedies.").  This Court has already dismissed Plaintiff's express and implied warranty claims, and, therefore, the Magnuson-Moss Act claims of Plaintiff are necessarily dismissed as dependent on the state law claims.

**D.     New Jersey Consumer Fraud Claim**

Defendant seeks to have this Court dismiss Plaintiff's claim under the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. §§ 56:8-1 et seq., dismissed because he fails to state a claim under either Arizona law or New Jersey law. (Def. Br. at 17-22.) Defendant, once again, argues that Arizona law applies to this claim. (Id. at 17-18.) Plaintiff maintains that New Jersey law applies, and that he has successfully plead a claim under the New Jersey statute. (Pl. Opp. Br. at 21-26.)

    **1.     Choice of Law**

The consumer fraud protection statutes in Arizona and New Jersey require that a plaintiff demonstrate different elements in order to establish a claim. (Def. Br. at 18.) The NJCFA dispenses with requiring a plaintiff to show reliance, and requires only "(1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." International Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc., 929 A.2d 1076, 1086 (N.J. 2007) ("Our statute essentially replaces reliance, an element of proof traditional to any fraud claim, with the requirement that plaintiff prove ascertainable loss."); New Jersey Citizen Action v. Schering-Plough Corp., 842 A.2d 174, 176 (N.J. Super. Ct. App. Div. 2003). Arizona law, on the other hand, predicates recovery upon reliance, as a plaintiff must plead "a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and consequent and proximate injury resulting from the promise. . . . An injury occurs when a consumer relies, even unreasonably, on false or misrepresented information." Kuehn v. Stanley, 91 P.3d 346, 351 (Ariz. Ct. App. 2004) (internal citations omitted). Samsung urges this Court to

apply Arizona law and dismiss Cooper's claim for failure to plead reliance. (Def. Br. at 18-19.)

This Court finds that both the Arizona and New Jersey consumer fraud statutes serve the same policy: they are remedial laws intended "to eliminate unlawful practices in merchant-consumer transactions." Madsen v. Western Am. Mortgage Co., 694 P.2d 1228, 1232 (Ariz. Ct. App. 1985). Accord J & R Ice Cream Corp. v. Cal. Smoothie Licensing Corp., 31 F.3d 1259, 1273 (3d Cir. 1994) (discerning that overriding purpose of NJCFA was to protect consumers in the marketplace). Both statutes focus on the consumer. See J & R Ice Cream Corp., 31 F.3d at 1273 (emphasizing place of the consumer under the NJCFA); Peery v. Hansen, 585 P.2d 574, 578 (Ariz. Ct. App. 1978) (recognizing move from caveat emptor to caveat venditor).

While it is true that New Jersey's law could be applied to an out-of-state consumer under certain circumstances, Boyes v. Greenwich Boat Works, Inc., 27 F. Supp 2d 543, 547 (D.N.J. 1998), the contacts related to the policy interests of the state consumer fraud acts here point toward an application of Arizona law. Heindel v. Pfizer, 381 F. Supp 2d 364, 371 (D.N.J. 2004) (applying law of state most interested in governing the issue after analyzing contacts). All of the consumer contacts present in this matter demonstrate a firm connection to applying the consumer-protection policies of Arizona as reflected in its law: Cooper is an Arizona resident who purchased a television for use in Arizona at an Arizona retailer. (Am. Compl. at 1, ¶ 29.)

### 2. The Consumer Fraud Claim

The remaining issue for this Court to decide is whether or not Arizona law dictates that the state consumer fraud protection act claim should be dismissed. This Court finds that, at the motion to dismiss stage, that Cooper has sufficiently alleged reliance for his claim to survive. Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). In his

Amended Complaint, Cooper does indeed allege that he relied on representations by Samsung. (Am Compl. ¶ 30.) While he admits in his opposition brief that the claims may not have been false, he does maintain that they were at least misleading. (Am. Compl. ¶ 28; Pl. Opp. Br. at 25.) Samsung's arguments that the product literature is dispositive of whether Cooper could have been mislead, or denying that he suffered any loss, require the Court to divine the meaning of documents not properly before the Court at this time, and also to determine that Cooper could not have even unreasonably relied on his interpretation of the product literature. Kuehn, 91 P.3d at 351 (permitting even unreasonable reliance in a consumer fraud claim); Def. Br. at 20-22. This Court declines to do so, and denies Defendant's motion to dismiss Plaintiff's state consumer fraud act claim. In doing so, however, the Court rules that Arizona law shall apply to that claim and that it shall be construed as if brought under the Arizona statute.

### E.     Fraudulent Concealment

Samsung argues that under both New Jersey and Arizona law, Cooper has failed to successfully plead fraudulent concealment because he failed to comply with Federal Rule of Civil Procedure 9(b) and because, in the case of the fraudulent concealment claim, there was no concealment.[2] (Def. Br. at 23-24; Def. Reply Br. at 9.) Cooper maintains that Samsung's arguments on both issues are based on the disclosure rationale for dismissing his state law consumer fraud act claim, and that such an argument fails. (Pl. Opp. Br. at 26.) As no conflict of laws is alleged to exist by the parties, this Court will apply forum law. Boyes, 27 F. Supp 2d at 547 (applying forum law where parties do not dispute choice of law); Rowe, 917 A.2d at 771

---

[2] Samsung also mentions common law fraud in its moving papers, but as no claim for common law fraud exists in the Amended Complaint, this Court will not address the issue.

(applying forum law in absence of conflict).

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement with respect to allegations of fraud, independent of the standard applicable to a Rule 12(b)(6) motion. Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[T]he requirements of rule 9(b) may be satisfied if the complaint describes the circumstances of the alleged fraud with precise allegations of date, time, or place <u>or</u> by using some means of injecting precision and some measure of substantiation into their allegations of fraud." <u>Board of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.</u>, 296 F.3d 164, 173 n.10 (3d Cir. 2002) (internal quotations omitted) (emphasis in original).

Cooper's pleadings do not contain sufficient indicia of substantiation and precision to survive scrutiny under the pleading requirements of Rule 9(b). Cooper asserts that he relied on unspecified marketing and advertising materials related to the HL-R6178W television he bought. (Am. Compl. ¶¶ 23, 28.) Her further alleges that Samsung concealed the limitations of the television. (Am. Compl. ¶¶ 59-61.) He does not, however, supply any details with respect to the marketing or advertising materials in question, characterizing instead their presumed effect upon a "reasonable consumer." (Am. Compl. ¶¶ 23, 27.) While such pleading may be consistent with claims under Rule 8(a), it fails to provide the particularity required by Rule 9(b). See <u>In re Donald J. Trump Casino Sec. Litig.</u>, 7 F.3d 357, 374 (3d Cir. 1993) (finding allegation of a prospectus being fraudulent not plead under Rule 9(b) for lack of detail concerning claimed proper accounting and appraisal principles); <u>Silverstein v. Percudani</u>, 207 F. App'x 238, 240 (3d Cir. 2006) (unreported) (finding claim based in part on response to advertisement required

specificity with respect to advertisement).  Cooper could clearly have satisfied Rule 9(b) by quoting the document in question or detailing more fully the circumstances he became aware of regarding the alleged concealment by Samsung, but he declined to do so in the Amended Complaint.  In re Midlantic Corp. S'holder Litig., 758 F. Supp. 226, 231 (D.N.J. 1990) (finding that "a Complaint pleads fraud with sufficient particularity where it . . . quotes verbatim from the alleged representations") (internal quotation omitted).  Even under the flexible particularity standard applied in the Third Circuit, therefore, the Amended Complaint has not satisfied Rule 9(b) on the claim of fraudulent concealment, and this Court grants Defendant's motion to dismiss on that claim.  In re Midlantic, 758 F. Supp. at 231.

**F.     Unjust Enrichment**

Samsung claims that Arizona law applies to Cooper's unjust enrichment claim, and that the unjust enrichment claim necessarily fails for failure to plead the absence of an adequate remedy at law.  (Def. Br. at 24-25.)  In the alternative, Samsung argues that Cooper failed to state a claim under the law of either state.  (Id. at 25-26.)  Cooper maintains that the unjust enrichment claim is properly plead, and that it is set forth in the alternative to his warranty claims.  (Pl. Opp. Br. at 27-30.)

**1.     Choice of Law**

Samsung posits that Arizona and New Jersey law are in conflict on the issue of unjust enrichment.  (Def. Br. at 24-25.)  In New Jersey, "[t]o establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust."  VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994).  Furthermore, "[t]he unjust enrichment doctrine requires that plaintiff show that it expected

17

remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." VRG Corp., 641 A.2d at 526.  New Jersey's doctrine of unjust enrichment serves to protect a party's interest where an adequate remedy does not exist at law and equity demands restitution.  Premier Pork L.L.C. v. Westin, Inc., No. 07-1661, 2008 WL 724352, 13 (D.N.J. Mar. 17, 2008); Associates Commercial Corp. v. Wallia, 511 A.2d 709, 716 (N.J. Super. Ct. App. Div. 1986).

To plead unjust enrichment under Arizona law, a plaintiff must show "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and the impoverishment; and (5) the absence of a legal remedy."  Trustmark Ins. Co. v. Bank One, Arizona, NA, 48 P.3d 485, 491 (Ariz. Ct. App. 2002).  The purported difference that Samsung finds between Arizona and New Jersey law regarding unjust enrichment is the requirement in Arizona law that a plaintiff plead the last element, lack of a legal remedy, in Arizona.  The case cited by Samsung, Hanks v. Andrews, holds that the plaintiff failed to plead two elements of unjust enrichment under Arizona law, absence of a legal remedy and enrichment, where the defendant was alleged to have taken plaintiff's dental records from a dental office.  No. 05-2275, 2006 WL 273606, at *1, *5 (D. Ariz. Jan. 30, 2006).  This Court finds Hanks distinguishable in the current context, as it does not address the issue of whether the pro se plaintiff in that case would have failed to plead unjust enrichment solely on the basis of the failure to plead the absence of a legal remedy.  Furthermore, although the Court notes a difference in wording between the two states' definitions of unjust enrichment, the parties have failed to demonstrate any substantial difference in the application of these definitions to the case at hand, and thus the Court will apply forum law.  Boyes, 27 F. Supp

2d at 547 (applying forum law where parties do not dispute choice of law); Rowe, 917 A.2d at 771 (applying forum law in absence of conflict).

### 2. The Unjust Enrichment Claim

Samsung argues for dismissal of the unjust enrichment claim because the Limited Warranty provides an adequate remedy at law, and because Cooper conferred no direct benefit on Samsung for which he expected remuneration. (Def. Br. at 26.) Cooper, on the other hand, maintains that the unjust enrichment claim is in the alternative to his express warranty claim, and that New Jersey law permits indirect purchasers to recover for unjust enrichment. (Pl. Opp. Br. at 27, 30.)

"It has been observed that quasicontract claims involve either some direct relationship between the parties or a mistake on the part of the person conferring the benefit." Premier Pork L.L.C., No. 07-1661, 2008 WL 724352, at *14. See also Union Trust Co. of Md. v. Wakefern Food Corp., No. 86-728, 1989 WL 120756, at *21 (D.N.J. Sept. 8, 1989) (denying unjust enrichment recovery due to absence of "a relationship or course of dealings between parties"); Callano v. Oakwood Park Homes Corp., 219 A.2d 332, 334-35 (N.J. Super. Ct. App. Div. 1966) (denying recovery absent direct commercial relationship). Here, although Cooper alleges that Samsung was unjustly enriched through the purchase of the television, there was no relationship conferring any direct benefit on Samsung through Cooper's purchase, as the purchase was through a retailer, Ultimate Electronics. (Am. Compl. ¶¶ 29, 51.) Cooper, therefore, did not confer a benefit on Samsung within the meaning of New Jersey's doctrine of unjust enrichment. Union Trust Co. of Md., No. 86-728, at *14; Callano, 219 A.2d at 334-35. The case cited by Cooper is distinguishable. In re K-Dur Antitrust Litigation, relied upon by Cooper to show that

New Jersey courts do not dismiss claims of indirect purchasers, did not apply New Jersey law: it applied only the "generally applicable theories of unjust enrichment" and specifically stated: "a determination of whether Plaintiffs have met the alleged 'additional' requirements imposed by particular state statutes outlined by Schering in its Memo is premature." 338 F. Supp 2d at 544. As Cooper's unjust enrichment claim cannot meet the "additional requirements imposed" by New Jersey law, the law that applies in this case, his unjust enrichment claim must be dismissed.

## CONCLUSION

For the forgoing reasons, this Court grants Defendant's motion with respect to Plaintiff's breach of express warranty, breach of implied warranty, Magnuson-Moss Act, fraudulent concealment, and unjust enrichment claims, and denies Defendant's motion with respect to his state consumer fraud act claim. An appropriate Order accompanies this Opinion.


DATED: September 29, 2008               /s/ Jose L. Linares
                                        United States District Judge